UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DAVID KENNETH CHRISTIAN,

        Petitioner,

v.

MICHELLE SMITH, Warden,
Stillwater Facility, Minnesota,

        Respondent.

Civil No. 13-650 (RHK/AJB)

**REPORT AND RECOMMENDATION**

---

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In June 2001, a Minnesota state court jury found Petitioner guilty on two counts of second degree unintentional felony murder and one count of first degree assault. (Petition, p. 1.) Following his conviction, Petitioner was sentenced to three consecutive prison terms totaling 493 months. He is presently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed a direct appeal that raised several grounds for relief, including insufficiency of the indictment, insufficiency of the evidence, improper jury instructions, erroneous admission of evidence of prior crimes, and improper sentencing. The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits, and the Minnesota Supreme Court denied his application for further review. State v. Christian, No. C5-01-1840 (Minn.App. 2002), 2002 WL 3145382 (unpublished opinion), rev. denied, Dec. 30, 2002.

In November 2003, Petitioner filed a post-conviction motion in the trial court that raised several claims for relief, including ineffective assistance of counsel. The trial court denied the motion, and that ruling was affirmed on appeal. Christian v. State, No. A04-281 (Minn.App. 2004), 2004 WL 2221614 (unpublished opinion), rev. denied, Dec. 22, 2004.

In 2005, Petitioner filed a second state post-conviction motion, claiming that he was entitled to a new trial based on newly discovered evidence. That motion was denied, and Petitioner then filed a third appeal. The Minnesota Court of Appeals again upheld Petitioner's conviction, and the Minnesota Supreme Court denied Petitioner's request for further review. Christian v. State, No. A05-1240 (Minn.App. 2006), 2006 WL 852136 (unpublished opinion), rev. denied, Jun. 28, 2006.

On July 20, 2006, Petitioner filed a federal habeas corpus petition in this District, seeking review of his 2001 state court conviction and sentence. Christian v. Dingle, Civil No. 06-3056 (ADM/JSM), [hereafter "Christian I"]. In a Report and Recommendation dated January 24, 2008, (id., Docket No. 10), Magistrate Judge Janie S. Mayeron recommended that Petitioner's habeas corpus petition be dismissed with prejudice. That recommendation was adopted, and the case was dismissed, by District Court Judge Ann D. Montgomery's

order dated May 7, 2008, (id., Docket No. 16). The Eighth Circuit Court of Appeals later affirmed the dismissal of Christian I, and the United States Supreme Court denied Petitioner's application for a writ of certiorari. Christian v. Dingle, 577 F.3d 907 (8th Cir. 2009), cert. denied, 130 S.Ct. 1704 (2010).

In May 2008, (before Christian I became final), Petitioner filed a second federal habeas corpus petition in this District. Christian v. Dingle, No. 08-1341 (RHK/AJB), [hereafter "Christian II"]. That case was summarily dismissed on June 23, 2008, because it was found to be time-barred under the one-year statute of limitations that applies to federal habeas corpus petitions. (See 28 U.S.C. § 2244(d)(1).) Thus, Petitioner has filed two prior federal habeas corpus cases in this District, (Christian I and Christian II), both of which have been dismissed with prejudice.

After both of Petitioner's previous federal habeas corpus petitions had been denied, he filed a third state post-conviction motion in the trial court. That motion was denied, and the trial court's ruling was upheld on Petitioner's fourth state court appeal. Christian v. State, No. A10-2166 (Minn.App. 2011), 2011 WL 5119119 (unpublished opinion), rev. denied, Jan. 17, 2012. A fourth state post-conviction motion, followed by a fifth state court appeal, were also unsuccessful. Christian v. State, No. A12-75 (Minn.App. 2012), 2012 WL 3792626 (unpublished opinion), rev. denied, Nov. 20, 2012.

Petitioner's current federal habeas corpus petition was filed on March 21, 2013. The claims presented in this petition are based on the Supreme Court's decisions in Missouri v. Frye, 132 S.Ct. 1399 (2012), and Lafler v. Cooper, 132 S.Ct. 1376 (2012). The Court finds, however, that Petitioner's "Frye/Cooper" claims cannot be addressed on the merits, because the current petition is a "second or successive petition," which must be summarily

3

dismissed for lack of jurisdiction.

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[2] Under that rule, a district court cannot entertain a second or

---

[2] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
    **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the

4

successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive preauthorization from the court of appeals in order for a district court to consider a second or successive application for habeas corpus relief); Clay v. Bowersox, 628 F.3d 996, 998 (8th Cir. 2011) ("[t]he Anti–Terrorism and Effective Death Penalty Act restricts the authority of a district court to consider 'second or successive' habeas corpus applications under 28 U.S.C. § 2254, and it requires authorization from a court of appeals before a second or successive application may be filed in the district court") (citing 28 U.S.C. § 2244(b)); Crawford v. Minnesota, 698 F.3d 1086, 1088 (8th Cir. 2012) ("[i]f a petition is second or successive, the court of appeals has a gatekeeping function to decide whether to grant preauthorization for it to be considered").

The petition now before this Court is Petitioner's third application for federal habeas corpus review of his 2001 state court convictions and sentence. Because both Christian I and Christian II were dismissed with prejudice, the present action must be viewed as a "second or successive petition" for purposes of § 2244(b).[3] This means that the present petition cannot be entertained without preauthorization from the Eighth Circuit Court of

---

subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

[3] Christian I had not become final when Christian II was filed, which explains why Christian II was not dismissed as a second or successive petition, but was instead dismissed due to untimeliness.

Appeals. See Burton v. Stewart, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Petitioner has not secured a preauthorization order from the Eighth Circuit, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996). See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 555 U.S. 1161 (2009).

The Court recognizes that the specific Frye/Cooper claims that Petitioner is attempting to raise in his current habeas corpus petition could not have been raised in Christian I or Christian II, because Frye and Cooper were not handed down until after both of Petitioner's previous habeas corpus cases had been closed. Petitioner apparently believes that Frye and Cooper establish a new rule of constitutional law that is retroactively applicable on collateral review. He may also believe that because his Frye/Cooper claims were not available to him during Christian I and Christian II, he should be able to bring those claims in a new habeas petition at this time. But that notion must be rejected.

Section 2244(b)(3) clearly mandates that a habeas petitioner cannot bring a claim based on a new rule of constitutional law in a second or successive petition, unless the apposite Court of Appeals has previously granted permission to file such a petition. The

Supreme Court confirmed this rule in Burton. In that case, a state prisoner sought to raise a new claim based on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). The Supreme Court held that the district court lacked jurisdiction to consider the petitioner's Apprendi/Blakely claims in a new habeas case, because the petitioner had not first obtained a preauthorization order from the Court of Appeals, as required by § 2244(b)(3). Burton, 549 U.S. at 149.

This Court, like the district court in Burton, lacks jurisdiction over new claims raised in a second or successive habeas corpus petition, unless the Court of Appeals has previously ruled that those claims are based on a new rule of constitutional law that is retroactively applicable on collateral review. Thus, Petitioner's current Frye/Cooper claims cannot be entertained here, unless he first persuades the Eighth Circuit Court of Appeals to grant him a preauthorization order based on that Court's determination that Frye and Cooper establish a new rule of constitutional law that is retroactively applicable on collateral review.[4]

In sum, this Court cannot entertain another federal habeas corpus petition challenging Petitioner's Minnesota state court convictions and sentence, unless he first seeks and obtains a preauthorization order from the Eighth Circuit Court of Appeals.

---

[4] It appears that Petitioner will have an uphill battle if he applies for a preauthorization order, because the Eighth Circuit has recently ruled that "neither Cooper nor Frye announced a new rule of constitutional law." Williams v. United States, 705 F.3d 293, 294 (8th Cir. 2013) (per curiam). See also In re King, 697 F.3d 1189 (5th Cir. 2012) (per curiam) (declining to grant state prisoner a preauthorization order, because "Cooper and Frye did not announce new rules of constitutional law"). Although Petitioner may find it difficult to secure a preauthorization order, he nevertheless must somehow do so before the District Court can exercise jurisdiction over any future habeas petition that he might attempt to file.

7

Because Petitioner has not yet been granted a preauthorization order, this case must be summarily dismissed for lack of jurisdiction. The United States District Court for the District of Minnesota cannot entertain any habeas claims challenging the conviction at issue here, unless the Eighth Circuit Court of Appeals first grants Petitioner permission to file a new federal habeas petition.

To obtain a preauthorization order for his current claims for relief, Petitioner will have to persuade the Court of Appeals that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2). (See n. 2, supra.) If Petitioner can meet that requirement, and the Court of Appeals therefore grants him a preauthorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, if he is able to secure a preauthorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b)(3)(A). But again, this District Court will not entertain any future habeas corpus petition pertaining to Petitioner's 2001 state court convictions and sentence, unless the petition is accompanied by the requisite preauthorization order.[5]

---

[5] Because the Court presently lacks jurisdiction in this matter, based on the procedural rules governing successive petitions, the timeliness of the present petition will not be addressed here. The lack of jurisdiction also precludes the Court from considering whether Petitioner's Frye/Cooper claims can be addressed in a federal habeas corpus petition, even though Petitioner apparently has failed to exhaust his state court remedies for those claims. (See Petition, [Docket No. 1], p. 6, § 12 [Ground One, subs. (b) and (c)].) Both of those issues, (i.e., timeliness and exhaustion), may have to be considered in a future case, if Petitioner ever does obtain preauthorization to file a new habeas corpus petition.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be DENIED; and

2. This action be summarily DISMISSED without prejudice for lack of jurisdiction.


Dated: March 28, 2013

                                              s/ Arthur J. Boylan
                                              ARTHUR J. BOYLAN
                                              Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 12, 2013.